United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10879
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL CHAIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-6-ALL-A
--------------------

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Manuel Chairez appeals his guilty plea conviction and sentence for being a convicted felon in possession of a firearm. On appeal, Chairez argues that his verbal motion to withdraw his guilty plea should have been granted because his plea was not voluntary. The district court's decision was not an abuse of discretion as Chairez has failed to show a fair and just reason for requesting the withdrawal of his guilty plea. See United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chairez also argues that the district court erred in applying the enhancement provision found in § 2K2.1(b)(5) of the Sentencing Guidelines, because there was no evidence that Chairez possessed a firearm in connection with another felony offense. After a thorough review of the record and the applicable law of this Circuit, we hold that the district court did not clearly err in applying the enhancement of § 2K2.1(b)(5), because there was sufficient evidence to prove that Chairez possessed a firearm in connection with a felony offense within the meaning of § 2K2.1(b)(5). United States v. Munoz, 150 F.3d 401, 416 (5th Cir. 1998); United States v. Condren, 18 F.3d 1190, 1193, 1199-1200 (5th Cir. 1994); United States v. Armstead, 114 F.3d 504, 512 (5th Cir. 1997).

Accordingly, the judgment of the district court is AFFIRMED.